UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

IN RE:                                             CASE NO. 1:09 -mc-00043
JIMMY FLYNT, SR.                                   (HOGAN, M. J.)

ORDER

A case is pending in the United States District Court for the Central District of California, in which the Flynt Brothers, Larry and Jimmy, Sr., have an interest. In that case, Larry claims that Jimmy, Sr.'s two sons, Jimmy II and Dustin, and their corporation used the Flynt name and trademark without permission. A subpoena was issued from this District compelling Jimmy Flynt, Sr. to be deposed. Jimmy Flynt, Sr. appeared for his deposition, but invoked the protection of the Fifth Amendment to multiple questions. Jimmy, Sr.'s fear is that by testifying freely, he will provide information to prosecutors which will assist them in prosecuting him for violations of obscenity laws. This behavior set the stage for the filing of two Motions, the first is Larry's Motion to Disqualify H. Louis Sirkin, Esq. from representing Jimmy, Sr. at the deposition, and the second is Larry's Motion for Jimmy Sr. to show cause why he should not be held in contempt. We decline to order H. Louis Sirkin removed as counsel for the purpose for which he was retained and we decline to require Jimmy, Sr. to show cause, but we do order the rescheduling of Jimmy, Sr.'s deposition.

THE MOTION TO DISQUALIFY

Larry Flynt, a plaintiff is this case, has established, and it is common knowledge, that Mr. Sirkin has been his lawyer and the lawyer for his various companies, including "Hustler Hollywood" for years, and currently represents "Hustler Hollywood," a limited liability company in which Larry Flynt has an interest, in a case pending in a Kentucky Appeals Court. Plaintiffs assert that Mr. Sirkin cannot serve as Jimmy, Sr.'s counsel because Rule 1.7, Ohio Rules of Professional Conduct, precludes such service. Simply stated, Plaintiffs say that Mr. Sirkin cannot serve as counsel for Jimmy, Sr. because Jimmy, Sr.'s interest is adverse to that of Larry.

It is, perhaps, ironic that Mr. Sirkin was asked by counsel for Plaintiffs to accept service of the deposition subpoena on behalf of Jimmy, Sr. In any event, Mr. Sirkin has filed no formal response, but has orally informed this Court that he was called into service at the last minute, had little time to prepare for the deposition in question and that the scope of his representation was restricted to advising Jimmy, Sr. on his Fifth Amendment rights. In short, Mr. Sirkin's argument is that in so advising Jimmy, Sr., he took no stance adverse to Larry.

Subsequently, counsel for Plaintiffs has provided a list of topics upon which he wishes to question Jimmy, Sr. The Count has reviewed that document and observes that not all the questions call for privileged information. In addition, we believe that Mr. Sirkin has the skill and experience necessary to advise Jimmy, Sr. without compromising any interest of Larry's. If Mr. Sirkin does assert any position adverse to Larry during Jimmy, Sr.'s deposition, the Court will intervene if and when put on notice. The Motion to Disqualify H. Louis Sirkin Esq. is denied.

## THE MOTION TO SHOW CAUSE

The deposition of Jimmy, Sr. was terminated, not by Jimmy, Sr. or his lawyer, but by Plaintiffs. While Jimmy, Sr. may have been ill advised to assert his Fifth Amendment Right as frequently as he did, he complied with the directive of the subpoena and did appear for his deposition. No Court Order was sought compelling Jimmy, Sr. to answer any question over his Fifth Amendment objection in compliance with Rule 37, Federal Rules of Civil Procedure. Under the circumstances, we do not believe that contempt is the proper remedy. On the other hand, Plaintiffs have been deprived of information which they are entitled to receive.

The correct procedure, it seems to us, is to reschedule the deposition of Jimmy, Sr., not by notice, but by agreement of counsel. Jimmy, Sr.'s counsel can assert his Fifth Amendment privilege where applicable and any disputes may be resolved by a telephonic conference with the supervising Magistrate Judge. Should the privilege be improperly asserted, the deponent will be ordered to answer, and likely found in contempt if he refuses. It would save time if counsel for Plaintiffs would provide a list of topics upon which he wishes to depose Jimmy, Sr., and counsel for Jimmy, Sr. would be prepared to make a specific argument why his client believes that prosecution has begun, is probable or possible. Counsel for Plaintiffs may want to consider how to avoid any Fifth Amendment issue by seeking other ways to obtain the same information.

The Court also orders the parties to this dispute to disclose the date and time for Jimmy, Sr.'s rescheduled deposition so that time may be allocated to rule on the propriety of Jimmy, Sr.'s invocation of the Fifth Amendment privilege, if necessary.

    IT IS SO ORDERED.

October 1, 2009

_____
Timothy S. Hogan
United States Magistrate Judge